## Case No. 16,279.

### UNITED STATES v. SHOEMAKER.

[2 McLean, 114.] 1

Circuit Court, D. Illinois. June Term, 1840.

CRIMINAL LAW—AUTHORITY OF PROSECUTING ATTORNEY—NOLLE PROS—DISCHARGE OF JURY.

1. The prosecuting attorney has a right, with leave of the court, to enter a nolle prosequi on a bill of indictment, and it constitutes no bar to a subsequent indictment for the same offence.

2. A jury sworn in a criminal case may be discharged by the court, under any sudden and uncontrollable emergency, and such discharge is no bar, even in a capital case, to another trial.

[Cited in U. S. v. Morris, Case No. 15,815.]
[Cited in Ellis v. State (Fla.) 6 South. 769; Hawes v. State (Ala.) 7 South. 310; State v. Walker, 26 Ind. 354; Woodworth v. Mills, 61 Wis. 50, 20 N. W. 731; State v. Davis, 31 W. Va. 393, 7 S. E. 26.]

---

1 [Reported by Hon. John McLean, Circuit Justice.]

3. But after the jury are impanneled, and witnesses sworn, the prosecuting attorney has no right to enter a nolle prosequi, because the evidence is not sufficient to convict.

4. Such an abandonment, by the prosecuting attorney, is equivalent to a verdict of acquittal.

[Cited in Weinzorpflin v. State, 7 Blackf. 191; State v. Walker, 26 Ind. 350. Cited in brief in State v. Champeau, 52 Vt. 315.]

The District Attorney, for plaintiffs.
Gatewood & Fields, for defendant.

OPINION OF THE COURT. At the last term the defendant [Andrew Shoemaker] was indicted for feloniously taking letters from the mail, he having possession of it as carrier, which contained bank notes, &c. The jury were impanneled, and witnesses sworn, when the prosecuting attorney abandoned the prosecution, and entered a nolle prosequi on the indictment.

Two points are raised for consideration and decision in this case: First. Had the prosecuting attorney a right to enter a nolle prosequi in this case? Second. Does such an abandonment amount to an acquittal of the defendant? There can be no doubt that, before the trial is gone into, the prosecuting attorney has a right, under leave of the court, to enter a nolle prosequi on an indictment, and such entry is no bar to a subsequent prosecution for the same offence. But, in the case under consideration, the defendant having pleaded not guilty, a jury were sworn to try the issue. That a court may discharge a jury, in a criminal case under peculiar circumstances, after they are sworn and have heard all the evidence, is well settled in the courts of the United States. In the case of U. S. v. Coolidge [Case No. 14,858], the court decided, that they had power to discharge the jury impanneled to try the issue in a criminal cause, whenever it is necessary for the purposes of justice; and that there was no exception of capital cases. And in the case of U. S. v. Perez, 9 Wheat. [22 U. S.] 579, the supreme court say "that courts of justice have the authority to discharge the jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated; and that such a discharge constitutes no bar to further proceedings, and gives no right of exemption to the prisoner from being again put upon his trial." But there was no discharge of the jury by the court in this case. Nor does it appear, from the record, that the prosecution was abandoned on account of any defect in the indictment. The usual mode of taking advantage of such defect is, either by a motion to quash, or, in arrest of judgment; but the supreme court have said [U. S. v. Gooding] 12 Wheat. [25 U. S.] 460, that the sufficiency of the indictment, in the discretion of the court, may be discussed and decided during the trial before the jury. In 1 Chit. Cr. Law, 631, it

is said that it would be absurd to suppose that after evidence given, the prosecutor might be allowed to withdraw a juror merely because the proof would not amount to conviction. And it would seem to be equally unreasonable to allow a nolle prosequi to be entered, because the proof was not sufficient to convict. In the case of Com. v. Wade, 17 Pick. 395, the court say—"There are some stages of a trial in which the right to enter a nolle prosequi clearly ceases; as after a verdict of manslaughter on an indictment for murder; in others, a question might be made, as after the evidence is closed, or after it is summed up to the jury. In some cases, it would seem, the cause must be taken from the jury of necessity; as if the jury cannot agree, or, if one of them be taken ill," &c. And they say the case under consideration was one where there was no necessity, no unforeseen cause of delay, no accident, no mistake, no extraordinary exigence. It was an ordinary case of a good indictment in point of form, but a failure in the proof. And they decided that the prisoner was entitled to a verdict of acquittal. In the case of State v. Davis, 4 Blackf. 345, the court held that it was not error in the circuit court to refuse permission to the prosecuting attorney to enter a nolle prosequi after evidence had been heard in the cause. The fifth article of the amendments to the constitution of the United States declares, that no person shall be subject, for the same offence, to be twice put in jeopardy of life or limb. Under this provision it has been held, in the case of U. S. v. Gibert [Case No. 15,204], by the circuit judge, that, in a capital case, a new trial is prohibited where a verdict of guilty is rendered, as it would place the defendant a second time in jeopardy. With this view I do not concur, but it was taken by a most able and learned judge, and shows great strictness in criminal proceedings.

The offence charged against the defendant does not subject him, if convicted, to the loss of either life or limb, and it is not, therefore, within this provision of the constitution; but the rights of the defendant are equally guarded by established principles. Where the judgment is arrested for some defect in the indictment, it is admitted that the defendant may be prosecuted a second time for the same offence. And that a discharge of the jury by the court, under some sudden emergency, constitutes no bar to another trial. In the first case the defendant could not be said to have been in jeopardy, as the indictment was radically defective; and, in the second case, from the sudden indisposition of a witness, a juror, the court, or an irreconcilable difference of opinion among the jurors, having occurred, over which neither the court nor the parties could exercise any control, the discharge of the jury became indispensable. The trial could not proceed; no verdict could be rendered;

and, for this reason, the defendant, in such a case, was not considered in jeopardy. The fault was not with the prosecuting attorney, nor with the defendant, and the circumstance was so imperious as to lead to a failure of public justice, unless the court should discharge the jury. Formerly it was held that this discharge of the jury might be entered with the consent of the defendant, but his consent is not now deemed necessary.

The jury were not discharged by the court in the case under consideration. No emergency occurred which called for, or authorized, such discharge. The prosecution was abandoned by the United States, which left the jury nothing to try, and they were, consequently, dismissed. The ground on which the prosecution was abandoned does not appear on the record. The jury were regularly impaneled and sworn to try the issue; witnesses were sworn, and then a nolle prosequi was entered. From the record it would seem probable that the prosecution was abandoned, because of the insufficiency of the evidence to sustain it. But whether this or some other was the true ground, the question arises as to the right of the prosecutor, under the circumstances, to enter a nolle prosequi. If the prosecutor have this right, at what stage of the trial must it be exercised? May he abandon the prosecution after the jury shall have returned into court prepared to render their verdict, or on the close of the evidence on both sides, or on its close by the United States; or must the entry be made before any evidence is heard, and immediately after the jury are sworn? If the right to abandon the prosecution be in the prosecuting attorney, with the view of commencing it de novo, it is not perceived on what principle its exercise can be limited. If it exist it would seem to follow that it may be exercised at the discretion of the attorney who represents the government. This would lead to endless vexations in the prosecution of criminal cases.

The first trial might be considered an experiment to draw forth the evidence in the case, and ascertain if it be insufficient, whether, on another trial, it might not be made strong enough to convict. Such a course would not be tolerated in a civil cause, much less in a criminal one. Nor could this right be safely exercised under the discretion of the court. What shall govern this discretion? Shall the court determine, on hearing a part of the evidence, whether or not the defendant is guilty, and permit the prosecuting attorney to enter a nolle prosequi or not, as they shall think the ends of justice require. The discharge of a jury in a criminal case, on the ground of a necessity which could neither be foreseen nor controlled, imposes no hardship on the defendant of which he has a right to complain. He, alike with the government, must submit to the law of necessity, which, of all other

laws, is the most inexorable. But the entry of a nolle prosequi is imposed by no necessity. It may be a matter of discretion, or, of policy; a discretion founded upon no fixed principle, or guided by no known rule; or a policy which may have for its object the oppression and conviction of the defendant.

An abandonment of the prosecution, before the defendant is put upon his trial, is the undoubted right of the prosecuting attorney; but after the trial has been commenced the relation of the defendant to the case is materially changed, and this must, to some extent, control the power of the prosecutor. He, it is true, may, in effect, abandon the prosecution by failing to call witnesses, but, it would seem that, he can not do so to the prejudice of the defendant. He can not abandon it in form, and afterwards renew the same charge. The prisoner stands charged as a culprit, but the law is jealous of his rights, and shields him from oppression. However guilty he may be, he can be convicted only according to law. And a jury having been sworn to try his case, he has a right to their verdict, unless some inevitable occurrence shall interpose and prevent the rendition of a verdict. Before he goes in to trial the prosecutor should see that his witnesses are in attendance, and that he is prepared to try the issue. If, then, the prosecuting attorney had no right to enter a nolle prosequi after the jury were sworn, how does such an entry affect the defendant? If the defendant had a right to claim a verdict, and did not receive a verdict of acquittal on account of the abandonment of the prosecution by the United States, it is contended that such abandonment should not operate to his prejudice. The plea of auterfois acquit consists of matter of record, and matter of fact. Of record, the indictment and acquittal of fact, that the defendant is the same person, and that the offence is the same. To sustain this plea the first indictment must have described the offence with legal certainty. If, in this respect, the indictment be essentially defective, it can constitute no bar. The indictment, in this case, appears to be technical, and, on its face, is subject to no fatal exception. And, it is admitted, that the defendant in the second indictment is the same person named in the first, and that the offence is the same. This admission renders an inquisition to ascertain the facts unnecessary. If a defendant be acquitted on the misdirection of the judge, still his acquittal may be pleaded. 2 Co. Inst. 318. To sustain a plea of a former acquittal there must be a judgment on the verdict of not guilty. 2 Hale, P. C. 243, 246; 2 Hawk. P. C. c. 35, § 6; 1 Chit. Cr. Law, 457; 4 Coke, 44, 45.

The record introduced to support the plea in this case, after stating the appearance of the prosecuting attorney, and the defendant, in proper person, stated that "jury were called, who were elected, tried, and sworn, to try the issue joined between the United States and the defendant, and true deliverance make according to law, and evidence.—Whereupon, the said plaintiffs, by their said attorney, say, that they will no further prosecute their said indictment against the said defendant. It is, therefore, considered by the court that the defendant go hence without day." Here is no verdict of acquittal, and, consequently, no judgment on the verdict. The plea of a former acquittal is not, therefore, technically sustained. But there is a judgment in favor of the defendant, that he go without day; and this necessarily followed the abandonment of the prosecution. Can this judgment be considered as substantially sustaining the plea? On this point I confess that I entertain strong doubts. From the limited access to books, which I have had at this place, I can find no case in point. In the cases referred to in 17 Pick. and 4 Blackf. the court decided that, where the jury were sworn, and some evidence heard, the prosecuting attorney had no right to enter a nolle prosequi, and that the defendant was entitled to a verdict. It is not said, however, in either of these cases, what the effect to the defendant would have been, had the nolle prosequi been entered. In Com. v. Cook, 6 Serg. & R. 577, the court decided that a discharge of the jury once sworn, in a criminal case, was an acquittal of the defendant. The case must be considered on principle, if the point has not been decided. It is a rule in criminal proceedings that nothing shall be done, within the discretion of the court, to the prejudice of the defendant. And, hence, in some instances, where his interests may, possibly, be injuriously affected by an order, his consent is necessary. So regardful of his rights are the court, that they will not encourage, or, indeed, suffer him to assent to that which is manifestly to his prejudice. In some respects the court are said to be the counsel of the prisoner. If the court instruct the jury that it is essential to prove the offence was committed on the day laid in the indictment, and on this ground the defendant be acquitted, the acquittal may be pleaded. 2 Hale, P. C. 247.

In the case under consideration the prosecuting attorney had no right to enter a formal abandonment of the prosecution; and, from this, it follows that the defendant had a right to a verdict. There is no defect apparent on the face of the indictment. But the prosecution was formally abandoned, which left the jury nothing to try. And if this proceeding shall not be regarded as a verdict of acquittal, is not the defendant manifestly prejudiced? Was he not in peril? The nolle prosequi was entered without the consent of the defendant, and against his remonstrance; and it was entered against his rights, and without power, or right, by the prosecutor. On principle, therefore, we feel bound to say, that the proceeding must be considered equivalent to a verdict of ac-

quittal, and, as such, with the judgment of the court thereon, is a bar to the present indictment.