## Case No. 16,650a.

### UNITED STATES ex rel. RUSH v. WATSON.

[2 Hayw. & H. 226.] [1]

Circuit Court, District of Columbia. Oct. Term, 1856.

#### NAVY—ENLISTMENT OF MINORS.

Under the act of congress of March 2, 1837, § 1 [5 Stat. 153], a minor of the age of 18 can enlist in the navy without the consent of his parents or guardian.

This was a habeas corpus issued by Judge Dunlop [on the application of John Rush], and directed to an officer [B. T. Watson], commanding him to have the body of John H. Rush before him on a certain day, at 12 o'clock m. The officer returned to the writ that he held Rush as a deserter from the ship Pennsylvania, and for no other cause. The enlistment of Rush was made under the 1st section of the act of congress approved March 2d, 1837.

Mr. Giberson, for petitioner, claimed his discharge upon the ground that the government had no right to enlist Rush under the act, not having the consent of his mother to enlist him for the term for which he was enlisted.

The act of congress authorizes the government to enlist boys not being under 13, nor over 18 years of age, with the consent of their parents or guardians, until 21 years of age, and to employ other persons for a term not exceeding 5 years.

Mr. Key, for the United States, maintained that the government had a right, by the words "other persons," to enlist boys under 13 or over 18 years of age without the consent of their parents or guardians; that the contract between Rush and the government was made when Rush was 18 years old, and was a valid contract.

---

## Case No. 16,651.

### UNITED STATES v. WATSON et al.

[3 Ben. 1; [2] 1 Am. Law T. Rep. U. S. Cts. 131; 8 Int. Rev. Rec. 170.]

District Court, S. D. New York. Nov., 1868.

#### CRIMINAL LAW — WHAT JUSTIFIES WITHDRAWING A JUROR—MINUTES OF THE COURT.

1. A court of the United States has authority, in a criminal case, to discharge a jury from giving a verdict, whenever, taking all the circumstances into consideration, there is a manifest necessity for the act, or where the ends of public justice would otherwise be defeated; and it may do this without the consent of the defendant.

2. Where, after a jury had been empanelled in a criminal case, the trial was postponed to another day by reason of the illness of the district attorney of the United States, and of the absence of witnesses for the prosecution, and, on the adjourned day, an application was made by the assistant district attorney that the cause go off for the term, on the same grounds as before, and thereupon the court directed a juror to be withdrawn, which was done, and the trial was postponed (the minutes of the court not showing that the defendants consented to this course), and, when the indictment was again called, the defendants objected that such proceedings were equivalent to an acquittal: *Held*, that the question must be disposed of as it would have been when the application was made to put the cause off for the term, if the defendants had then expressed their dissent from such a course.

3. The minutes of the court must be the guide to the court as to what took place on that motion.

4. As it did not appear by the minutes that the defendants consented to the postponement, it must be held that they did not consent;

5. As it did not appear by the minutes that the illness of the district attorney occurred after the jury was sworn, or that it was impossible for the assistant district attorney to conduct the trial, such illness did not show a manifest necessity for withdrawing a jury;

6. As the minutes did not show that the absence of witnesses was first made known to the law officers of the government after the jury was sworn, or that it occurred under such circumstances as to create a manifest necessity for withdrawing a juror, the position of the case entitled the defendants to a verdict of acquittal, when the motion to put the cause off was made;

7. The proceedings on the former trial were equivalent to an acquittal, and the defendants and their bail were entitled to be discharged from all further liability in respect of the indictment.

[Cited in Hawes v. State, 88 Ala. 37, 7 South. 310.]

This was an indictment found under the 45th section of the internal revenue act of July 13, 1866 [14 Stat. 163], and charged the defendants [Ethan L. Watson and others], in substance, with aiding and abetting in the concealment of thirteen barrels of distilled spirits, which had been removed from a distillery to a rectifying establishment which was not a bonded warehouse. The punishment for the offence was a fine of not less than $200 nor more than $1,000, or imprisonment for not less than three nor more than twelve months. The minutes of the court showed that, the indictment being pending therein, a trial of the indictment was, on the 10th of June, 1868, ordered on the motion of the district attorney; that on that day twelve jurors, whose names were set forth in the minutes, were sworn in the case; that the case was then adjourned to the next day; that on the next day, June 11th, the cause was called, and that, by reason of the illness of the district attorney, and the absence of witnesses for the United States, the trial was adjourned, and the jurors em-

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

[2] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

panelled therein were continued until the 19th of June following; that on the 23d of June following, the trial being resumed, the assistant district attorney moved that the trial go off for the term, owing to the illness of the district attorney and the absence of witnesses for the prosecution; and that the court thereupon directed a juror to be withdrawn, and the trial was accordingly postponed for the term. The indictment being called up again for trial, the defendants objected to any further or second trial, and moved for the discharge of the defendants and of their bail, on the ground that the above proceedings, set forth in the minutes of the court, were equivalent in law to an acquittal of the defendants on a trial of the indictment. The motion was made on the minutes of the court.

Samuel G. Courtney, U. S. Dist. Atty., and Joseph Bell, U. S. Asst. Dist. Atty.

Henry L. Clinton and Clarence A. Seward, for defendants.

BLATCHFORD, District Judge. There can be no doubt that a court of the United States has authority, in a criminal case, to discharge a jury from giving a verdict whenever, in its opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or when the ends of public justice would otherwise be defeated, and it may do this without the consent of the defendants; but the court is to exercise a sound discretion on the subject, and to use the power with the greatest caution, under urgent circumstances, and for very plain and obvious causes. U. S. v. Perez, 9 Wheat. [22 U. S.] 579. If the court may exercise this authority in a criminal case, without the consent of the defendant, in a case of manifest necessity, it may do so with the consent of the defendant, in a case which falls short of being one of manifest necessity. In the present case, the minutes of the court show that the reason for postponing the case from the 11th to the 19th of June was the same as that for postponing the case indefinitely on the 23d of June, and for directing a juror to be withdrawn—to wit, the illness of the district attorney and the absence of witnesses for the United States. The minutes do not show any assent by the defendants to the withdrawal of the juror or any dissent from that course. I am satisfied that I must have understood the defendants, by their counsel, as consenting to the course that was pursued. Otherwise, the question of the effect of their not consenting would have been presented at the time; and they would have insisted then and there upon their right to a verdict of acquittal. No such verdict was asked for, nor was the question presented to the court as to what effect the want of consent by the defendants to the withdrawing of a juror would have as to a future trial. Although the counsel for the defendants may have urged their desire to proceed with the trial, and have dwelt on the hardship of the postponement, still I regarded them, and

doubtless the district attorney did, in the absence of any motion on their part for the entry at the time of a verdict of acquittal, as in effect consenting to the withdrawal of a juror. If the district attorney did not choose to proceed with the trial after the jury were sworn and empanelled, the defendants had a right then and there to ask for a verdict of acquittal. If they had asked for such a verdict, the district attorney might, in preference, have gone on with the trial. Still the defendants were not bound to ask at the time for such a verdict. They have a right now to claim that what took place was in effect such a verdict. The fact that the court and the district attorney regarded the defendants as consenting to the course that was taken, ought not, in the absence from the minutes of the court of any statement that they consented, to conclude them. If the court, acting at the time on its understanding that the defendants in effect consented, had proposed to make in the minutes of the court an entry of such consent, it may very well be that the counsel for the defendants would have at once insisted on the right of the defendants to a verdict of acquittal. Then the court would have been called upon to pass on the sufficiency of the reasons assigned in the minutes for withdrawing a juror—the illness of the district attorney and the absence of witnesses for the prosecution. The court must be governed as to the facts in this matter by its minutes. They were made by the clerk in the usual course of the business of the court, without the special attention of the court having been called to them, and without any motion, having been made by the district attorney, at the time, to enter as a part of them that the defendants consented to the withdrawal of the juror. It would be very unsafe, and lead to endless disputes and probable injustice, for the court, in matters of this kind, to act on its own recollection, or on the affidavits of witnesses, especially after a lapse of time. If the parties to any suit or proceeding find that the minutes of the proceedings of the court kept by the clerk, and which are always open to inspection, are erroneous, the proper way is to move to correct them promptly, to comport with the facts. It must, therefore, be assumed, for the purposes of the present application, that there was no consent by the defendants to the withdrawal of the juror. The question then recurs whether the reasons assigned in the minutes of the court for withdrawing a juror show a manifest necessity for doing so, or that the ends of public justice would otherwise have been defeated. The question must be disposed of now as it would have been disposed of at the time the motion was made that the trial go off for the term, if the defendants had then expressed their dissent from such action. The illness of the district attorney, it not appearing by the minutes that such illness occurred after the jury was sworn, or that it was impossible for the assistant district attorney to conduct the trial, and the motion to put off

the case for the term being made by such assistant, cannot be regarded as creating a manifest necessity for withdrawing a juror. So, too, as to the absence of witnesses for the prosecution, it does not appear by the minutes that such absence was first made known to the law officers of the government after the jury was sworn, or that it occurred under such circumstances as to create a plain and manifest necessity justifying the withdrawing of a juror. The mere illness of the district attorney, or the mere absence of witnesses for the prosecution, under the circumstances disclosed by the record in this case, is no ground upon which, in the exercise of a sound discretion, a court can, on the trial of an indictment, properly discharge a jury, without the consent of the defendant, after the jury has been sworn and the trial has thus commenced. To admit the propriety of the exercise of the discretion on such grounds would be to throw open the door for the indulgence of caprice and partiality by the court, to the possible and probable prejudice of the defendants. When the trial of an indictment has been commenced by the swearing of the jury, the defendant is in their charge, and is entitled to a verdict of acquittal if the case on the part of the prosecution is, for any reason, not made out against him, unless he consents to the discharging of the jury without giving a verdict, or unless there is such a legal necessity for discharging them as would, if spread on the record, enable a court of error to say that the discharge was proper. Whart. Cr. Law (Ed. 1852) p. 213. It is impossible, within this definition, to lay down any inflexible rule as to what causes would. and what causes would not, be sufficient to warrant the exercise of the discretion which the court possesses. It is sufficient to say, that in no case to be found in the books has any such reason as is spread upon the record in this case been admitted, in the absence of the consent of the defendant, to be a proper ground for discharging a jury after they have been sworn and empanelled to try an indictment. To hold now that the record of the proceedings of the court on the former trial amounts to a verdict of acquittal, is to do just what the court would have done at that time on the facts stated in the record. If I had any doubt as to the propriety of this course, I should resolve it in favor of the liberty of the citizen, rather than exercise what would be an unlimited, uncertain, and arbitrary judicial discretion. But the weight of all the authorities on the subject is, that the position of this case, as it stood when the juror was withdrawn, entitled the defendants, in the absence of their express consent to any other course, to a verdict of acquittal, and therefore entitles them to the action of the court, at this time, on their application to the same effect. An order will, therefore, be entered, declaring that the proceedings on the former trial are held to be equivalent to a verdict of not guilty, and discharging the defendants and their bail from further liability in respect of the indictment.

[Subsequently the district attorney moved for leave to enter a nolle prosequi on this indictment, which motion was granted. Case No. 16,652.]