### ROBERT CURTIS KYLE v. STATE OF MARYLAND

[No. 240, September Term, 1968.]

*Decided February 19, 1969.*

John S. McInerney for appellant.

John J. Garrity, Assistant Attorney General, with whom were Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County, and Andrew L. Sonner, Deputy State's Attorney for Montgomery County, on the brief, for appellee.

PER CURIAM.

The appellant went to trial before a jury in the Circuit Court for Montgomery County on 18 October 1966 under three indictments charging robbery with a deadly weapon (No.7708), burglary (No.7709), and assault and battery (No.7707). The docket entries state that on the same day the jury was withdrawn and the court declared a mistrial. He came on for trial again before a jury on 24 October 1967 and was convicted of robbery with a deadly weapon on which a 12 year sentence was imposed and burglary on which a 12 year concurrent sentence was imposed. On appeal he first claims error in the denial of his motions for judgment of acquittal made at the close of all the evidence on the ground that he was placed in jeopardy at his first trial as to the crimes of which he was convicted at his second trial.[1] The appellant claims that he had been previously

---

1. The record before us contains the docket entries of No.7708 and No.7709 criminal but not the docket entries of No.7707 criminal. Although it is clear from the transcript of the proceedings at the second trial that the appellant was tried on all three indictments, it does not contain the verdicts of the jury. In his brief the appellant states that he was acquitted of the assault and battery charged in No.7707. The docket entries as to Nos.7708 and 7709 state that the attorney representing the appellant in those cases filed a motion to withdraw his appearance as to No.7707 and the motion was

brought to trial on 18 October 1966, on the offenses of which he was convicted at a subsequent trial on 25 October 1967 and that at the first trial after the jury had been sworn and witnesses testified a mistrial was granted at the instance of the court, not "by any action of the defendant nor at his asking." The record before us does not disclose the reasons for the grant of the mistrial. The docket entries as to Nos.7708 and 7709 Criminal state, "Transcript of record dated October 18, 1966, filed in No.7707 Criminal," but the record of No.7707 Criminal is not included in the record before us. It is clear, however, that no verdicts were rendered at the first trial and the present status of the law in Maryland, following the common law, is that no man is in jeopardy until verdict is rendered. *Boone v. State,* 3 Md. App. 11, 23-28. Thus the appellant was not placed

---

granted on 28 October 1966. On 3 November another attorney was appointed to represent the appellant in that case. The docket entries in Nos.7708 and 7709 also show that thereafter the appellant filed a "motion to dismiss indictments" in No.7707 which was heard and denied on 24 October 1967. Neither that motion nor the transcript of the proceedings at the hearing are in the record before us. It appears that no motion to dismiss indictments Nos.7708 and 7709 were filed prior to trial and in any event on appeal the appellant only claims error in the denial of his motions for judgment of acquittal made on the ground of double jeopardy. It may be that under Md. Rule 725b the defense of double jeopardy must be raised by motion to dismiss made before trial as based on a defect in the institution of the prosecution and if not so raised it is waived, although the lower court for cause shown may grant relief from the waiver. It may also be that the defense of double jeopardy is not properly raised by a motion for judgment of acquittal as provided by Md. Rule 755. That Rule in conjunction with Art. 27, § 593 of the Md. Code is used to implement the right of the trial court, under Art. XV, § 5 of the Maryland Constitution, to pass upon the sufficiency of the evidence. *Giles v. State,* 229 Md. 370; *Williams v. State,* 5 Md. App. 450. However it may also be that the trial court had no power to permit the case to go to the jury if the appellant was thereby placed twice in jeopardy and that therefore the question would be a jurisdictional one properly before us on the denial of the motion for judgment of acquittal. In the posture of the instant case we leave these questions open and shall make our determination on the substantive question whether the appellant was placed twice in jeopardy. See *Johnson v. State,* 3 Md. App. 105, 108.

twice in jeopardy by his second trial.[2] Assuming that the point was properly raised by the motion for judgment of acquittal, we find no error in its denial.

The appellant also contends that there was a variance between the *allegata* of the robbery with a deadly weapon and the *probata* in that the indictment alleged that the money stolen by robbing Barney Kruglak was the property of Barney Kruglak and Martha L. Kruglak while the evidence was that it was the property of a corporation—"store money." It has been consistently held that it is not necessary to allege ownership of property stolen in a robbery and since it is not necessary to allege it, proof of ownership is not required. *Harrison v. State,* 3 Md. App. 148. It is required that the victim be the owner or have a legal interest or special property in what was stolen as for example be in "lawful possession as bailee." *Hartley v. State,* 4 Md. App. 450; *McMillan v. State,* 3 Md. App. 699. The evidence here was sufficient for the jury to find that Barney Kruglak was the lawful possessor of the money whether it belonged to him, or to him and his wife, Martha Kruglak, or to a corporation under which they operated their store. The appellant was one of three robbers. He and another had pistols and the third a sawed-off shotgun. They broke into Barney Kruglak's home and took by force and threats to him and his family some $2500 of the cash receipts of his store which were in a purse in the home. See *Frazier v. State,* 5 Md. App. 88. We find no variance.

*Judgments affirmed.*

---

2. The appellant does not contend that the reasons for the grant of the mistrial, whatever they may have been, would preclude a second trial for reasons other than double jeopardy, as for example, in the circumstances he would be denied due process of law thereby. The point is not before us and we do not consider it.