In the Matter of PATRICK BISCEGLIA, Respondent, v. COUNTY COURT OF THE COUNTY OF RENSSELAER et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered February 22, 1973 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from prosecuting him and dismissed the indictment against him. Respondent was indicted by the Grand Jury of Rensselaer County for the crime of forgery of a vehicle identification number (Penal Law, § 170.65, subd. [3]). His trial concluded at about 5:00 P.M. on October 31, 1972 at which time the jury retired to commence its deliberations. They went to dinner at about 6:30 P.M., returning to commence further efforts at 8:45 P.M. Shortly after 11:00 P.M. they returned to the courtroom for the reading of certain portions of requested testimony, again resuming further deliberations at 12:26 A.M. on November 1, 1972. Approximately two hours later, the jury announced that they had not reached a verdict, and, upon inquiry by the court, the foreman stated that he did not think a verdict could be rendered

with further deliberations. With the consent of the People and the defendant, and, after the court read to the jury CPL 310.60 (subd. 1, par. [a]), the jury was polled and each juror indicated that he or she would not change his mind even with an opportunity for further deliberations. At 2:45 A.M., the jurors were sent out for further deliberations after being advised by the court that they could be sequestered for the night and permitted to continue deliberations later in the day. At 3:18 A.M. they again returned, indicating they would not be able to reach a decision, whereupon they were discharged pursuant to the provisions of the Criminal Procedure Law.* The judgment must be reversed, the petition dismissed, and the indictment reinstated. It is abundantly clear from this record that the Trial Judge, in the proper exercise of his discretion, was absolutely correct in discharging the jury because of its announced inability to agree. The time of deliberation alone is not the controlling consideration; each case must be measured according to its own complexities. Here, with a one-count indictment, the issues were clear cut and the disagreement evident. The circumstances of this case made implementation of the statutory remedy necessary and the action taken, based upon the sound exercise of discretion by the Trial Judge, should not have been disturbed (*Wade* v. *Hunter*, 336 U. S. 684; *People* v. *Presley*, 22 A D 2d 151, affd. 16 N Y 2d 738; CPL 310.60). Judgment reversed, on the law and the facts, petition dismissed and indictment reinstated, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.

---

* CPL 310.60 ("Discharge of jury before rendition of verdict and effect thereof"): "1. A deliberating jury may be discharged by the court without having rendered a verdict only when: (a) The jury has deliberated for an extensive period of time without agreeing upon a verdict with respect to any of the charges submitted and the court is satisfied that any such agreement is unlikely within a reasonable time".