LEE AND FREEMAN *v.* STATE

[No. 221, September Term, 1964.]

*Decided April 1, 1965.*

The cause was submitted on the brief to HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

Submitted by *John E. Mudd* for appellants.

Submitted by *Thomas B. Finan, Attorney General, Roger D. Redden, Assistant Attorney General, Frank H. Newell, III* and *John W. Moyer, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore County,* for appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellants claim that their convictions of armed robbery must be reversed because the State did not prove the allegations of the indictment, that they "* * * feloniously did rob Richard Ladbrook and violently did steal from him Twenty-Three Dollars * * *," by showing that Ladbrook was either the owner or the otherwise lawful possessor of the money taken. They claim that this resulted in a fatal variance, although their arguments seem to go to the insufficiency of the evidence to show ownership or right to possession of the stolen dollars. In any event, the point was not raised in any specific fashion below, not one word of cross-examination or in support of motions for judgment of acquittal made at the end of the State's case and at the end of the whole case having been addressed to it, and ordinarily it would not be properly before us for review, Md. Rule 885. Assuming without deciding that in this non-jury case the motions for judgment of acquittal preserved for appellate determination whether all the elements of the crime charged in the indictment were proven, Md. Rule 886 a, we find no merit in the claim.

The only testimony going to the matter of the ownership or lawful possession of the twenty-three dollars was that the robbers pointed a pistol at Ladbrook, who was the sole attendant on duty at a filling station of Spur Oil Company, and told him

to "give me your money." Ladbrook testified that in response: "* * * I turned around, handed them the money. They wasn't satisfied with that, they wanted more. I told them I didn't have no more. They said 'Come on, give us the rest of the money.' So, I reached in my pocket, pulled out the nickels and quarters, threw them on the table, told them 'here.' That's all they got," (referring to the sum of twenty-three dollars.)

This testimony could have permitted the trier of fact to infer that Ladbrook was the owner of the money taken from him, *Sippio v. State,* 227 Md. 449, and the literal allegation of the indictment would in such case have been fully proven. If, on the other hand, the trier of fact drew the inference that the money taken from Ladbrook belonged to his employer, the Spur Oil Company, the indictment's allegations of ownership would likewise have been gratified in the eyes of the law. We have held in a larceny case that the allegation of ownership in A, of the property stolen, is proven satisfactorily upon a showing that A had any legal interest or special property in the things stolen, as where, for instance, A was in lawful possession as bailee. See *Richardson v. State,* 221 Md. 85, 88; and Note, *Larceny in Maryland—A Crime Against Ownership or Possession?,* 24 Md. L. Rev. 181.

In *Flannigan v. State,* 232 Md. 13, 17, we held that reason and authority supported a similar holding in a false pretenses case where the money given for the worthless check was stated in the indictment to be that of the manager of the store in which it was cashed, and the appellant claimed, with reason, that it appeared that the money actually belonged to the owner of the store—because the manager did not say the money was his, he got the money from a place which indicated it was the money of the store, and the check was endorsed by the owner. We said (p. 18 of 232 Md.):

> "In the instant case, Mehn was in lawful possession of the money used to cash the check, and, as manager of the market, he clearly had a legal interest therein; hence we hold that in the proof of ownership herein there was no fatal variance."

In *Hackley v. State,* 237 Md. 566, we said, in a case of break-

ing and entering, that "* * * the ownership alleged and shown need not be that of the legal title owner if another, not the accused, is in lawful possession of the building involved under a special property interest," reasoning that the purpose of the requirement of providing ownership is to negative a right of entry by the accused and to establish identity sufficient to protect against future prosecutions for the same offense.

*Ledvinka v. Home Ins. Co.,* 139 Md. 434, 439, adopted a definition which said that 'Robbery' is larceny from the person, accompanied by violence or putting in fear * * *." See, too, 2 Wharton's *Criminal Law and Procedure* (Anderson Ed. 1957), Sec. 545. We think the reasoning and holdings of *Richardson, Flannigan* and *Hackley* compel the conclusion, by analogy, that proof that Ladbrook was the manager of the filling station and that while on duty money was taken from him by the appellants by putting him in fear, properly could be accepted by the trial judge as establishing that the appellants were guilty of feloniously robbing and violently stealing from Ladbrook, as alleged in the indictment.

*Judgments affirmed.*