## NELSON L. BELL *v.* STATE OF MARYLAND

[No. 21, September Term, 1967.]

*Decided November 27, 1967.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Frank Cannizzaro, Jr.*, for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr.,*

*State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Nelson Bell, the appellant, complains of a conviction for murder in the second degree after a trial in the Criminal Court of Baltimore Judge James A. Perrott presiding. He alleges a number of errors which will be discussed separately and such facts as are necessary for the opinion will be stated hereinafter.

The first error alleged is that the record before this court included testimony which the trial judge had ordered stricken. The second alleged error is that counsel was not provided at the preliminary hearing and thirdly that illegally seized evidence was introduced at the trial. These questions were not raised below and therefore they are not properly before this court. See Maryland Rule 1085; *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, n. 9; *Gaudio and Bucci v. State,* 1 Md. App. 455, 230 A. 2d 700.

Bell alleges that his rights were violated when the police officer did not advise him of his rights as prescribed by *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. The record shows that there was an objection to the introduction of his statement which was sustained by the trial court. Inasmuch as the trial judge ruled favorably on Bell's objection, there is nothing before us to review.

Bell also complains that the testimony of Barbara Montgomery was so inconsistent that it should not have been accepted by the trial judge. *Kucharczyk v. State,* 235 Md. 334, 201 A. 2d 683 held that where the sole witness' testimony was so contradictory that it had no probative force, the trier of facts could not speculate about it and select one or another contradictory statement as the basis of the verdict. That principle has no application here. Barbara Montgomery's testimony was inconsistent only on some minor details; in addition there was testimony of other witnesses which was sufficient to support the verdict. Bell's last contention is equally frivolous. He was permitted to testify that he had visited the deceased, his wife, in the hospital

prior to her death, that she kissed him and was glad to see him and had no malice or hatred in her mind about him because "she definitely knew * * *." At this point the State's objection to the testimony was sustained by the trial judge. Bell's opinion as to what the victim knew was irrelevant to the issues to be decided and therefore the objection should have been sustained.

*Judgment affirmed.*