### SYLVESTER HARRISON *v.* STATE OF MARYLAND

[No. 68, September Term, 1967.]

*Decided February 15, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James C. Chapin,* with whom was *William H. Bergman* on the brief, for appellant.

*Richard C. Rice, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

On December 8, 1966 the appellant was found guilty by a jury in the Circuit Court for Prince George's County of robbery with a deadly weapon and sentenced to imprisonment for a term of 10 years. The indictment under which the appellant was tried contained seven counts as follows: (1) robbery with a deadly weapon; (2) assault with intent to rob with a deadly weapon; (3) robbery; (4) assault with intent to rob; (5) assault and battery; (6) petty larceny; (7) receiving stolen goods. In counts one, two, three, four and five, the assault alleged, as an element of each offense therein charged, was specified as committed on Core Marie Johnson. In counts one, two, three, four, six and seven, the owner of the goods and chattels, moneys and properties therein alleged to be stolen was designated to be Core Marie Johnson. The case coming on for trial on December 6, 1966, the court granted a motion, made in open court by the State, to amend the first, third, fourth, sixth and seventh counts so as to delete the name Core Marie Johnson as the owner of such goods and insert in its place the name of Savannah M. Johnson.[1] However, on the original indictment in the record before us, the requested amendment was made as to the second, third, fourth, sixth and seventh counts and the first count remained as originally drawn—charging the robbery with a deadly weapon of Core Marie Johnson of the moneys of Core Marie Johnson. The case was recessed. The jury was empaneled and sworn on the afternoon of December 7, 1966 and the trial began on December 8, 1966. At the close of the evidence offered by the State, the court granted a motion for judgment

---

1. In *Corbin v. State,* 237 Md. 486, 490, it was held that, under the circumstances there presented, changing the name of the owner of property constituting the subject matter of the crime charged (grand larceny) was a change in form and not substance. See Maryland Rules, 714.

of acquittal as to the second and seventh counts and denied a motion as to the remaining counts both at that time and when made at the close of all the evidence.[2] Although it is not clear from the record whether or not the jury knew the indictment had been amended,[3] we do not think that the failure, by clerical inadvertence, to reflect the amendment in the first count of the original indictment requires a reversal of the judgment. In *Lee and Freeman v. State,* 238 Md. 224, it was argued that the convictions of armed robbery should have been reversed because the State did not prove the allegations in the indictment, that the defendants "* * * feloniously did rob Richard Ladbrook and violently did steal from him Twenty-three dollars * * *," by showing that Ladbrook was either the owner or the otherwise lawful possessor of the money taken. Ladbrook was the sole attendant on duty at a filling station of Spur Oil Company and testified that the robbers pointed a pistol at him and told him to "give me your money." He handed them the money but they wanted more and he told them, "I didn't have no more." They insisted that he give them more, he reached in his pocket, pulled out nickels and quarters, threw them on the table and told them "here." The Court affirmed the judgments stating:

> "'This testimony could have permitted the trier of fact to infer that Ladbrook was the owner of the money taken from him, *Sippio v. State,* 227 Md. 449, and the literal allegation of the indictment would in such case

---

2. Counsel for the appellant below argued to the trial court that there is no such crime as assault with intent to rob with a deadly weapon as charged in the second count. But see *Hart v. Warden,* 213 Md. 658.

3. The court's instructions to the jury are not conclusive in this regard and the record does not show that the jury took the original indictment with them to the jury room. Neither the opening statement of the State (counsel for the appellant waived right to an opening statement both at the beginning of the entire case and at the beginning of the case for the appellant) nor the closing arguments of counsel are set out in the record. However, it appears that the case proceeded on the assumption by the court, the State and the defense that the jury had the count correctly before them. The point was not raised below and is not raised on appeal.

have been fully proven. If, on the other hand, the trier of fact drew the inference that the money taken from Ladbrook belonged to his employer, the Spur Oil Company, the indictment's allegations of ownership would likewise have been gratified in the eyes of the law. We have held in a larceny case that the allegation of ownership in A, of the property stolen, is proven satisfactorily upon a showing that A had any legal interest or special property in the things stolen, as where, for instance, A was in lawful possession as bailee."

So in the instant case, if the evidence was sufficient to show, directly or by inference, that Core Marie Johnson was the lawful possessor of the moneys taken from her, the conviction was proper whether she or Savannah M. Johnson was alleged in the indictment to be the owner. Robbery is larceny from the person, accompanied by violence or putting in fear, *Ledvinka v. Home Ins. Co.,* 139 Md. 434, 439 and the appellant agrees that "to constitute the crime of robbery, the property need not be taken from the owner. It may be taken from someone who had custody over the property and who had a legal interest or special property interest in the goods," citing *Richardson v. State,* 221 Md. 85. See also *Hadder v. State,* 238 Md. 341; *Hackley v. State,* 237 Md. 566; *Flannigan v. State,* 232 Md. 13. He contends, however, that the evidence in the case before us is not sufficient to prove that Core Marie Johnson had such possession of the moneys taken from her. We do not agree. The evidence is not disputed that Savannah M. Johnson, the mother-in-law of Core Marie Johnson, was the owner of the moneys and that the store in which the robbery took place was the mother-in-law's store, but Core Marie Johnson said "we all worked (the store) together." It was a "little neighborhood store, small store" and the owner and her daughter-in-law lived over the store. At the time of the robbery Core Marie Johnson was "working in the store." She was "at the soda case, straightening out the box to refill the case" when the appellant and "some more men came in." One had a pistol and stuck it in her side directing her toward the cash register. She opened the cash register and took $57 and some change out and "the man reached over" and took a bag of pennies out of the register.

She was told to put all the money in the paper bag and she did so, giving it to them. "And then one was standing there arguing with me, he told me, said 'Is any more money in there?' I said 'No.'" The men left the store. From the evidence, the only other person, other than the robbers, in the store during the robbery was an elderly roomer who did not work in the store and who was ordered to come into the store from the storage room where he was when the robbers entered. We think it a rational inference from the evidence that Core Marie Johnson had lawful possession of the moneys taken. We feel it apparent from the testimony that she was in charge of the store at the time of the robbery, had authorized access to the cash register in making sales of the store merchandise and had custody and control of and responsibility for the moneys in the register.

The appellant also contends that there was a fatal variance between the indictment which charged that the deadly weapon was a shotgun and the proof which established the weapon used in the robbery to be a pistol. The testimony of Core Marie Johnson was that one of the robbers had a pistol but she also testified that the appellant "had on a long brown overcoat and it was opened and he had this shotgun down in the inside of the overcoat. But the overcoat was opened and I could see it * * * I don't know exactly how long (it was). The only thing I know is it was just about this long (no indication in the record as to length) and it had a black barrel * * * He had it down in the inside of his overcoat. His overcoat was opened with his hand. He had to pull back open and I could see * * * I didn't know whether it was a double barrel or not. All I know, it was a shotgun." He was holding it by his right hand. "He had it right by the handle or stock or whatever you call it and the thing where the trigger goes through, I don't know what the name of it is but that was the way he was handling it * * * he didn't threaten me with it * * * he didn't point it at me but I did see it." The appellant urges, in the face of this testimony, that the robbery was committed only with the pistol and not with the shotgun because there was not even an implied threat to use the shotgun. We do not agree. The appellant does not argue that the shotgun was not a dangerous or deadly

weapon [4] (See *Bennett v. State,* 237 Md. 212; *Vincent v. State,* 220 Md. 232) and it need not be shown that the person assailed was actually put in fear, if the means employed are calculated to instill fear in the heart or mind of a reasonable man, *Hayes v. State,* 211 Md. 111, 116. Md. Code (1967 Repl. Vol.), Art. 27, § 488 predicates the greater penalty in the commission of a robbery attached to the use of a dangerous or deadly weapon upon the means employed in the intimidation. "So long as there is an intent to rob by that means, it is unnecessary to find an intent or ability to execute the implied threat in the event of resistance." *Hayes v. State, supra,* at 115. Even though a co-perpetrator had a pistol which he stuck into the victim's side, we think the evidence ample for the jury to find an intent on the part of the appellant to rob by means of the shotgun.[5]

The arguments of the appellant actually go to the sufficiency of the evidence. In order to overturn a judgment entered on the verdict of a jury for insufficiency of the evidence, it is necessary that there be no legally sufficient evidence or inferences drawable therefrom on which the jury could find a defendant guilty beyond a reasonable doubt. *Agresti v. State,* 2 Md. App. 278. This Court does not weigh the evidence, but only determines its sufficiency to go to the jury. *Culver v. State,* 1 Md. App. 406. We find that it was sufficient.

*Judgment affirmed.*

---

4. In the appellant's brief it is stated, " * * * as concerns the shotgun, the only crime for which the appellant was guilty was carrying a dangerous weapon."

5. In view of our holding we need not decide whether the designation of a specific type of dangerous or deadly weapon in an indictment is mere surplusage or whether, when so designated, a fatal variance occurs if the proof does not support the allegation as to the specific type. See Md. Code (1967 Repl. Vol.), Art. 27, § 489.