JOHN ARTHUR JOHNSON *v.* STATE
OF MARYLAND

[No. 143, September Term, 1967.]

*Decided February 19, 1968.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Joseph G. Koutz* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

John Arthur Johnson, the appellant, was convicted of common law rape in the Criminal Court of Baltimore, Judge James K. Cullen presiding without a jury.

The evidence adduced at the trial showed that in the afternoon of November 7, 1966, Johnson, who had just been released from the Maryland Penitentiary, went to the home of his friend Eddie Smith. According to the testimony of Eddie's mother, Johnson, upon learning that Eddie was not at home, forced his way into the Smith apartment. Johnson then pulled down the shade in the living room and grabbed Mrs. Smith. He hit her several times with a brick; and he raped her while holding a soda pop bottle over her head. A few minutes later Eddie Smith

returned home. After Mrs. Smith let her son in, Johnson, according to the prosecutrix's testimony, threatened that if Eddie should call the police he would kill him. Mrs. Smith, nonetheless, called the police while her son stayed with Johnson.

Johnson contends that there was insufficient evidence of penetration to sustain the conviction as required by *Craig v. State,* 214 Md. 546, 136 A. 2d 243. He specifically says that Mrs. Smith's testimony that "he intercoursed with me" was not enough to show penetration. In *McEntire v. State,* 2 Md. App. 449, 235 A. 2d 311, it was held that proof of penetration was shown by use of the term "sex relations." The Court of Appeals in *Robert v. State,* 220 Md. 159, 151 A. 2d 737 held that sufficient proof was established by the term "sexual intercourse." The Court of Appeals, further, stated that the jury was entitled to examine other pertinent facts in weighing the testimony of the prosecutrix to see if she understood the meaning and ramification of words—sexual intercourse.

Mrs. Smith, at the time of the trial was forty-four years old, a married woman and mother of three. She was nervous while on the stand and somewhat reluctant to go into the details of the penetration. She did testify that Johnson threatened to kill her after he had "finished busting his nut." In answer to the meaning of this phrase, she testified that it meant "the intercourse, finish intercourse." On cross-examination Mrs. Smith stated that she reported to her son that Johnson had raped her, not "attempted to rape her" as suggested by counsel. At the end of her testimony, the court asked her if Johnson had penetrated her and her answer was in the affirmative. When asked by the State's Attorney to explain what "he intercoursed with me" meant, appellant's counsel objected whereupon Mrs. Smith said "Do you want me to say that word?" Although counsel withdrew his objection, the court stated "I will sustain the objection, but I—intercourse—I suppose I know what that means."

It seems clear that Mrs. Smith, a forty-four year old mother knew what "he intercoursed with me" meant. It is further clear from the tone of the whole testimony that the court and counsel were aware of the full implications of that phrase—"he intercoursed with me." We hold that on the facts of this case these words are sufficient to prove penetration, see *McEntire*

*v. State, supra.* The testimony of the prosecutrix need not be corroborated, *Lucas v. State,* 2 Md. App. 590, 235 A. 2d 780.

Johnson, further, points out that the medical report, received into evidence on stipulation, stated that there was no injury to the thighs or external genitalia and spermatozoa were not found by a smear test. This would not be inconsistent with the prosecutrix's testimony in that force does not have to be physical, *Lucas v. State, supra,* and it is not necessary for the sex act to be completed in order that penetration be proven, see *Green v. State,* 243 Md. 75, 220 A. 2d 131, 134.

Johnson contends that Mrs. Smith's testimony was so contradictory as to be totally unreliable. The mere fact that Mrs. Smith's testimony was inconsistent with Johnson's does not bring it within *Kucharczyk v. State,* 235 Md. 334, 201 A. 2d 683. Under this rule, the inconsistencies must occur within the witness's own testimony and relate to pertinent issues, see *Bell v. State,* 2 Md. App. 471, 235 A. 2d 307. This did not happen here. The trier of facts is under no obligation to believe Johnson's version, *Logan v. State,* 1 Md. App. 213, 228 A. 2d 837, *Johnson v. State,* 2 Md. App. 486, 236 A. 2d 41, and furthermore the "weight of the evidence and credibility of the witness are for the trier of facts to determine," *Dunlap v. State,* 1 Md. App. 444, 230 A. 2d 690.

*Judgment affirmed.*