# JOHN PRESTON POFF *v.* STATE OF MARYLAND

[No. 166, September Term, 1967.]

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

*Decided February 29, 1968.*

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James C. Chapin* for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Benjamin R. Wolman, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

John Preston Poff appeals from his convictions by a jury in the Circuit Court for Prince George's County of breaking a dwelling house with intent to steal and grand larceny and the concurrent sentences of four years on each conviction. He complains that the lower court improperly denied the admission of certain testimony and that the evidence was not sufficient to sustain the convictions.

The appellant first contends that the refusal of the lower court "* * * to admit testimony of an impeaching witness as to the reputation of a witness for the State * * * was prejudicial error." He proffered, out of the presence of the jury, the testimony of Raymond Rudolph Mileski, who was indicted with him, to impeach the prosecuting witness. The proffered testimony was that the prosecuting witness was a "fence"—a re-

ceiver of stolen goods.[1] "The long settled practice, both in England and in this State * * *, requires that the witness called to prove character, either good or bad, should be interrogated as to his means of knowledge of the general reputation of the person in question among his neighbors, and, what that reputation is." *Sloan v. Edwards,* 61 Md. 89, 103. The inquiry must be as to his reputation for truth and veracity. *Hoffman v. State,* 93 Md. 388, 389. The examination must be confined to general reputation, and not be permitted as to particular facts. *Richardson v. State,* 103 Md. 112, 118; *Rau v. State,* 133 Md. 613, 616. Compare *Comi v. State,* 202 Md. 472. "The regular mode of examining into the character of the person in question, is to ask the witness whether he knows his general reputation (for truth and veracity) among his neighbors,—what that reputation is,—and whether, from such knowledge, he would believe him upon his oath." *Sloan v. Edwards, supra,* at 103. In the instant case Mileski did not know the prosecuting witness, did not know others who knew him and had only heard his name mentioned several times by people Mileski did not know. "I can't even recall the time or the place, but I was familiar somewhat with his name. * * * I never had any personal dealings with him." We think it clear that the proffered testimony was not properly admissible. Not only did Mileski not know the general reputation of the prosecuting witness for truth and veracity among his neighbors, but the inquiry here proposed had no reference to the general reputation of the witness for truth and veracity. It by no means follows that a reputation for being a "fence," even if shown, and here it was not shown, necessarily includes a bad reputation for veracity. The lower court did not err in refusing to admit the testimony.

The appellant also proffered the testimony of Mileski to the effect that Mileski did not commit the crime for which he and

1. It is clear that the appellant was attempting to show the alleged bad character of the prosecuting witness and that the proffer was not directed toward impeachment by contradictory proof, by proof of former inconsistent statements or by proof tending to show bias or interest. See *Hochheimer, Laws of Crimes and Criminal Procedures,* 1st Ed., § 222, p. 206; *Sanders v. State,* 1 Md. App. 630.

the appellant were indicted. We think such testimony was in no way relevant to the guilt or innocence of the appellant. The appellant concedes that he is unable to cite any authority "directly on the question of the relevancy" of such testimony. We know of no authority holding it to be relevant and doubt the existence of any. The appellant urges that, by analogy, Md. Code, (1965 Repl. Vol.), Art. 35, § 4, as interpreted in *Kinnard v. State*, 183 Md. 377, permits the testimony proffered. The statute provides that the person charged, at his own request, shall be deemed a competent witness. *Kinnard* held that one co-defendant is competent to testify against another co-defendant, on trial together, under a joint indictment, even over the objection of the defendant against whom the testimony is proffered. 183 Md. at 383. Neither the statute nor the case are apposite here, where Mileski's testimony would be that he, Mileski, although indicted, was innocent of the crime. See *Boone v. State*, 3 Md. App. 11. We note that at the request of the appellant the docket entries were admitted in evidence, and that the docket entries showed that the case against Mileski had been stetted. We find no error in the refusal of the lower court to admit the testimony.

With regard to the sufficiency of the evidence, the contention goes to the identification of the appellant, the appellant urging that the testimony of "the only eyewitness to the alleged crimes was insufficient to support a verdict of guilty." He concedes that the rule in this State is that the identification of a single eyewitness, if believed, is sufficient to support a conviction. *Turner v. State*, 242 Md. 408; *Crumb v. State*, 1 Md. App. 98. He argues, however, that the testimony of the eyewitness, Alfonzo Williams, in the instant case was so contradictory as to have no probative force. *Kucharczyk v. State*, 235 Md. 334. The weight of the evidence and the credibility of the witnesses are a matter for the trier of facts, *Hutchinson v. State*, 1 Md. App. 362; *Scott v. State*, 1 Md. App. 481, and we do not agree that Williams' testimony was so inconsistent that it should not have been accepted. *Bell v. State*, 2 Md. App. 471. Williams, a youth 15 years of age, stated that on the day the victim's apartment was broken into, he had been working outside the building on the lawn. He knew the location of the victim's apartment

and he was in the hall of the building when he saw three men leave the apartment "carrying stuff with them." Each of them was carrying something. He identified the appellant as one of them. He saw them get in a station wagon in the parking lot and drive off. He said that he saw the men "close-up," that he knew the number of the apartment and that he could see the station wagon in the parking lot. The fact that, on direct examination, he gave the time he saw the men as "about three, something like that. I was getting ready to get off from work," and on cross examination said the time was "two or something like that," that on being questioned about the length of the appellant's hair on the day of the crime, he said, "I am not sure, but I think it was" a little bit longer than at the time of the trial, although the wife of the appellant and another witness for the defense testified that it was shorter at the time of the crime than at the time of the trial, and that there was an alleged inconsistency in his identification of another participant in the crime do not, taking the testimony of the witness as a whole, make his testimony so contradictory that it had no probative force. So finding, we cannot say that there was no legally sufficient evidence or inferences drawable therefrom on which the jury could find the appellant guilty beyond a reasonable doubt and we shall not overturn the judgments.

*Judgments affirmed.*