GEORGE McMILLAN *v.* STATE OF
MARYLAND

[No. 195, September Term, 1967.]

*Decided April 16, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James C. Chapin* for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Vincent J. Femia, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

George McMillan, the appellant, contends that his conviction of armed robbery must be reversed because the State did not prove the allegations in the indictment that he feloniously did rob Irene K. Hale and violently did steal from her forty-five dollars, the property of High's Dairy Products Division of Capitol Milk Producers Co-operative, Inc., a body corporate t/a High's Dairy Store. Specifically he contends that the ownership by the corporation was not proven. Since it was not necessary to allege ownership it is obvious that it was not necessary to prove it. The statutory form of indictment for armed robbery, Md. Code, Art. 27, § 489, as well as the statutory form for robbery, Md. Code, Art. 27, § 487, do not require an allegation of ownership.[1]

---

1. "In any indictment or warrant for robbery with a dangerous or deadly weapon and attempt to rob with a dangerous or deadly weapon, it shall be sufficient to use a formula substantially to the following effect: 'That A-B on the ————— day of —————, 19—, in the County (City) aforesaid feloniously with a dangerous and deadly weapon did rob C-D (or did attempt with a dangerous and deadly weapon to rob C-D, as the case may be) and violently did steal (or attempt to steal, as the case may be) from him ————— dollars (here list property stolen); contrary to the form of the Act of Assembly in such cases made and provided and against the peace, government and dignity of the State.'" Md. Code, Art. 27, § 489.

The Court of Appeals of Maryland in *Lee v. State,* 238 Md. 224, 208 A. 2d 375, and *Sippio v. State,* 227 Md. 449, 177 A. 2d 261 held that proof of ownership was not required. This Court made the same holding in *Harrison v. State,* 3 Md. App. 148, 238 A. 2d 153. What the cases do require is that the victim be the owner or have a legal interest or special property in what was stolen as for example be in "lawful possession as bailee." [2] On the issue of lawful custody of the victim the evidence here was clear and convincing.

The testimony of Irene Hale was as follows:

"Q. Where are you employed?
"A. By High's Dairy at Eastover Shopping Center.
"Q. Is that a corporation?
"A. Yes, it is.
"Q. How long have you been employed by High's?
"A. I have been with them a little over four years.
"Q. Always at Eastover?
"A. No.
"Q. Were you so employed on the evening of September 21st, 1966?
"A. I was, yes.
"Q. Did you have occasion on that evening to see Mr. McMillan?
"A. Yes, I did.
"Q. Tell the jury, if you will, the occasion of your seeing him that evening.
"A. Well, I was working alone. I had been alone in the store since in the afternoon when the manager left * * *"

* * *

"Q. Who did the money belong to?
"A. To High's.
"Q. That is the same corporation you work for?
"A. Yes, it is."

---

2. It should be noted that even a thief can be the victim of a robbery, 2 Wharton *Criminal Law and Procedure* § 563. The important element is that the evidence must show that the robber did not have a right to possession superior to that of the victim.

McMillan, in proper person, alleges that he was denied "due process and equal protection under the Fourteenth Amendment of the United States Constitution" in the manner in which the Grand and Petty Juries were selected. He did not comply with Maryland Rules 725 and 744 requiring that such challenges be made prior to trial. The issue was not presented to the trial court so we are ordinarily precluded, under Maryland Rule 1085, from considering it. Anticipating our decision, McMillan alleges that these rules are unconstitutional citing no authority therefor. State procedural requirements have been upheld by the Supreme Court of the United States. See *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, 84 A.L.R.2d 933, n. 9; *Henry v. Mississippi,* 379 U. S. 443, 448, 85 S. Ct. 564, 567, 13 L. Ed. 2d 408.

In a supplemental paper McMillan makes other allegations. Under Maryland Rule 1031 we need not consider issues which are not presented and argued in the briefs. In addition these issues were not presented to or ruled on by the trial court.

*Judgment affirmed.*