## LEVI ALEXANDER *v.* STATE OF MARYLAND

[No. 286, September Term, 1967.]

*Decided May 21, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Irvin B. Shaffer* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *I. Elliott Goldberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Levi Alexander, the appellant, was convicted of rape in the Criminal Court of Baltimore, Judge Albert L. Sklar presiding without a jury. Alexander now complains that the trial court erred in not allowing certain testimony as to the reputation of the prosecutrix; in not allowing testimony as to the accused's character; and that the evidence was not sufficient to support the verdict.

Etta Coleman, the prosecuting witness, testified that on May 2, 1966 she left her home at about 12:30 or 12:45 in the morning to go to the Avenue Cut-Rate Store for a pack of cigarettes and a can of beer. On the way from the store, which is a few blocks from her home, she passed in front of the 1601 Bar where she saw Alexander. He propositioned the prosecutrix, but she ignored him. He was joined by two other men who then confronted her and took her past her home and up an alley where the three men, one with a knife, threatened her. All three men had sexual intercourse with her. On cross examination she denied drinking with the men or that she had agreed to have sexual relations for a sum of money.

Alexander testified, along with one of the other assailants who was a co-defendant at the trial,[1] that the prosecutrix came into the 1601 Bar and sat down with the three of them and had several drinks, and she later offered to have relations with the three men for $5.00 each. However, the assailants attempted to have relations with her but were physicaly unable to do so. Alexander further testified that when he refused to pay her she swore vengeance.

---

1. The third assailant was adjudged to be insane and is now at Rosewood State Hospital.

Alexander first complains that the trial court erred in not allowing him to testify as to the reputation of the prosecutrix. The following colloquy occurred:

"Q Your witness. Can I ask one more question? How long had you known Mrs. Coleman before this occurrence?

"A Five or six years. I live around there six years.

"Q Did you ever hear other people discuss her reputation in the neighborhood?

"A Yes.

MR. GOLDBERG: We object.

"A A whole lot of people.

MR. FEIKIN:

"Q What was her reputation as to moral conduct?

MR. GOLDBERG: Objection.

THE COURT: Sustained.

MR. FEIKIN:

"Q What was her reputation as being a good or bad woman?

MR. GOLDBERG: Objection.

THE COURT: Sustained.

MR. FEIKIN:

"Q Did you hear anybody discuss her conduct?

"A Yes.

MR. GOLDBERG: Yes. Just answer the question yes or no.

"A Yes.

THE COURT: Next question.

"Q MR. FEIKIN: Did they tell you what her reputation was?

MR. GOLDBERG: Objection.

THE COURT: Sustained."

In a rape case, if consent is an issue, the prosecutrix's general character as to chastity or for truth and veracity is admissible, *Humphreys v. State,* 227 Md. 115, 175 A. 2d 777, *Giles v. State,* 229 Md. 370, 183 A. 2d 359. Before a witness can testify to reputation it must first be established that he knows the reputation in the community in which the prosecutrix lives for "truth

and veracity" or for "chastity" as the case may be. There was no such showing here. It is not permissible on direct examination to ask what others have stated the reputation to be. The witness must give his own opinion as to the reputation, although it is proper to show his means of knowledge. The Maryland authorities are collected in *Poff v. State,* 3 Md. App. 289, 239 A. 2d 121. The Supreme Court of the United States said in *Michelson v. United States,* 335 U. S. 469, 480, 69 S. Ct. 213, 221, 93 L. Ed. 168:

> "Both propriety and abuse of hearsay reputation testimony, on both sides, depend on numerous and subtle considerations, difficult to detect or appraise from a cold record, and therefore rarely and only on clear showing of prejudicial abuse of discretion will Courts of Appeals disturb rulings of trial courts on this subject."

Alexander next complains that a character witness called on his behalf was not allowed to testify. Richard George Hunter, a former employer, was called to testify on behalf of Alexander. His testimony related to Alexander's reputation as an employee, and was offered at the guilt or innocence stage of the trial rather than on the question of sentence. Testimony as to "reputation must be limited to the neighborhood where the accused resides, not where he is employed." *Allison v. State,* 203 Md. 1, 98 A. 2d 273, 276. The testimony was properly rejected.

Alexander lastly contends that evidence was not sufficient to support the verdict. In conjunction with this he contends that the prosecutrix's testimony was so unreliable as to be unacceptable because of omissions in her original report to the police. *Kucharczyk v. State,* 235 Md. 334, 201 A. 2d 683, held that a witness' testimony which was, itself, so contradictory that it had no probative force could not be the basis of a verdict. This has no application where the testimony is inconsistent with an out of court statement. The mere fact that the original report to the police did not include all of the details of the crime does not make the testimony false. See *Johnson v. State,* 3 Md. App. 219, 238 A. 2d 295, *Bell v. State,* 2 Md. App. 471, 235 A. 2d 307.

We said in *Lucas v. State,* 2 Md. App. 590, 235 A. 2d 780, 782:

> "In reviewing the sufficiency of the evidence, this Court determines whether the court below has sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt."

We hold the evidence, here, sufficient. The testimony of a prosecutrix, as a matter of law, need not be corroborated, *Lucas v. State, supra.* The court was under no obligation to believe Alexander's story, *Lawrence v. State,* 2 Md. App. 736, 237 A. 2d 81. We find that the trial judge's findings were not clearly erroneous, Maryland Rule 1086.

*Judgment affirmed.*