DANIEL AMBROSE WALTER AND JACK DEMPSEY
MAUDE *v.* STATE OF MARYLAND

[No. 151, September Term, 1967.]

374

*Decided June 17, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James J. Casey,* with whom was *Andrew C. Yslas* on the brief, for appellant Walter; *Steny H. Hoyer,* with whom was *Thomas B. Yewell* on the brief, for appellant Maude.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and

*Robert J. Woods, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Daniel Ambrose Walter and Jack Dempsey Maude, the appellants, were both convicted of grand larceny by the Circuit Court for Prince George's County, Judge Ralph W. Powers presiding without a jury. Walter was given a three year sentence and Maude a four year sentence. They allege error in the trial court's refusal to continue the case in order to obtain new counsel, in denying their rights to withdraw their waiver of a jury trial, and in the denial of their motions for a change of venue. In view of the contentions it will be unnecessary to give a statement of the facts.

On March 23, 1967 at the time both appellants were arraigned, their privately retained counsel entered his appearance and each elected a court trial. The trial was set for April 5th, but prior to that time it was continued until April 24th at the request of the appellants' counsel. The appellants were notified of the new trial date several days prior to April 5th. On the morning of the trial the appellants made an oral motion for a continuance for the purpose of obtaining new counsel. They alleged they could obtain new counsel within twenty-four hours. The record does not show whether or not the court was free to try a case the second day. The State's Attorney objected to the postponement because he had a witness that had come from the State of Florida for the day of trial whereupon the court requested the reasons for the request which were set out as follows:

> "THE COURT: Do you have anything to add?
>
> "Do you want to make that of record? Because that is what it is based on, the action of the Court. We don't usually grant continuances when the trial date has been set and parties have been notified and come up ready for trial with witnesses, and then ask for a continuance.
>
> "Is there anything further that you would like to say?

"THE DEFENDANT MAUDE: It is just that—

"THE COURT: Speak up.

"THE DEFENDANT MAUDE: I can't feel confident with him. That is all I can say.

"THE COURT: Is there anything you would like to say in connection with it, Walter?

"THE DEFENDANT WALTER: About the same thing. I just don't feel quite confident with the lawyer and I would like to change counsel.

"THE COURT: Why not? You engaged him as your attorney. He has been your attorney until this morning. Why didn't you act any sooner than this?

"THE DEFENDANT MAUDE: For one thing, we just found out a few more things this morning that just isn't right.

"THE COURT: Just found out what?

"THE DEFENDANT MAUDE: We found out a few things this morning that just isn't right.

"THE COURT: What are you talking about?

"THE DEFENDANT MAUDE: Well, it is just that, you know, witnesses in the case, and stuff, and he don't feel he should use them and we feel we should, and it is just a number of things. He just isn't acting the way we would like him to act, that is all.

"THE COURT: Is there anything further?

"THE DEFENDANT WALTER: No."

It is elementary that a continuance is within the sound discretion of the trial court, *Bright v. State,* 1 Md. App. 657, 232 A. 2d 544. The appellants urge however the right to counsel is so fundamental that the action of the court deprived them of counsel. In *Ungar v. Sarafite,* 376 U. S. 575, 84 S. Ct. 841, 11 L. Ed. 2d 921, the Supreme Court of the United States considered the problem involving the denial of a continuance which allegedly deprived the accused of his right to engage counsel and at 376 U. S. 589, 84 S. Ct. 849 the Court said:

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due

process even if the party fails to offer evidence or is compelled to defend without counsel. *Avery v. Alabama,* 308 U. S. 444, 84 L. Ed. 377, 60 S. Ct. 321. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. *Chandler v. Fretag,* 348 U. S. 3, 99 L. Ed. 4, 75 S. Ct. 1. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. *Nilva v. United States,* 352 U. S. 385, 1 L. Ed. 2d 415, 77 S. Ct. 431 ; *Torres v. United States,* 270 F. 2d 252 (C. A. 9th Cir.) ; cf. *United States v. Arlen,* 252 F. 2d 491 (C. A. 2d Cir.)."

On the vague information furnished the court as to the reason for the continuance, we cannot say that the trial judge abused his discretion.[1]

The appellants secondly contend that the court committed error in refusing, on the morning of the trial, their right to withdraw their waiver of a jury trial.

Maryland Rule 741 provides as follows :

"An accused may waive a jury trial and elect to be tried by the court. If an accused elects to be tried by the court the State may not elect a jury trial. An election to be tried by the court must be made before any evidence in the trial on the merits is taken unless otherwise provided by local rule of court. (Uniform Rule 34)."

The Local Rules of the Circuit Court for Prince George's

---

1. It should be noted that the record later shows that the witnesses were sought for the purpose of impeaching the prosecuting witness as to specific acts of misconduct. Only general reputation is admissible for this purpose. *Poff v. State,* 3 Md. App. 289, 239 A. 2d 121, *Alexander v. State,* 4 Md. App. 214, 242 A. 2d 180.

County, Chapter 700, Criminal Causes, Local Rule 702, Arraignment and Jury Election provides:

"a. Election by Defendant

At the time of arraignment under Maryland Rule 719, or within fifteen days thereafter, the defendant shall elect whether or not a jury trial is desired. If no election is made within that time it shall be conclusively presumed that the accused waives his right to a jury trial and elects to have the case tried by the Court. Thereafter, the case shall be assigned for trial in accordance with this election.

b. Change in Election.

However, having regard to the status of the case with respect to assignment for trial, the Court may, in its discretion and for good cause shown, permit the accused to change his election as to the manner in which the case will be tried."

We see no abuse of the court's discretion in this case. Appellants waived the right to a jury trial one month prior to the date of trial and waited until the morning of trial to request permission to withdraw their waiver. At least one witness had come from a long distance for the trial and the other witnesses were also present in court. In *McMillan v. State*, 3 Md. App. 699, 702, 240 A.2d 765 we said:

"State procedural requirements have been upheld by the Supreme Court of the United States. See *Mapp v. Ohio*, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, 84 A.L.R.2d 933, n. 9; *Henry v. Mississippi*, 379 U. S. 443, 448, 85 S. Ct. 564, 567, 13 L. Ed. 2d 408."

Appellants' third contention is that their oral motion, made on the day of trial, for change of venue, should have been granted. Such a motion is required to be under affidavit by Maryland Rule 738 as well as by the Constitution of Maryland, Art. 4, Sec. 8 and was therefore not in proper form. The only basis for the request for removal was an oral allegation that they could not have a fair and impartial trial because

there had been too much pretrial discussion with "newspapers and witnesses." The trial judge denied the motion stating that he personally, who was going to hear the case, had never heard of it before, and secondly that he thought the action was a delaying tactic. In *Benton v. State*, 1 Md. App. 647, 651-52, 232 A. 2d 541 we held that in a noncapital criminal case the burden was upon the accused to show that he had been prejudiced by adverse publicity. The mere oral statement that there had been too much publicity certainly is not adequate.

> *Judgments affirmed; appellants to pay costs.*