## MARVIN GILMOR HILL *v*. STATE OF MARYLAND

[No. 292, September Term, 1969.]

*Decided March 4, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Lee N. Sachs* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Gary Neal, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Marvin Gilmor Hill (appellant) was found guilty upon court trial in the Criminal Court of Baltimore of robbing Theresa Moriarity with a deadly weapon, violently stealing from her $2447.35.

When the case came on for trial, defense counsel moved that the witnesses be excluded from the courtroom until called upon to testify. Maryland Rule 753. The granting

of the request was obligatory on the court and the court complied with the mandate of the Rule. *Swift v. State,* 224 Md. 300. The Clerk then asked, "Is the State and Defense satisfied, now, that all witnesses for both sides have been excluded?" The Assistant State's Attorney said that all the State's witnesses had been excluded. Defense counsel said: "I have requested my client to furnish me with any witnesses that he might have, and he has told me that he has no witnesses. Is this correct, Mr. Hill?" Appellant answered: "Yes." The case proceeded to trial, the State adduced testimony and rested, and appellant testified in his own behalf. At the conclusion of his testimony defense counsel, remarking that he had asked him before but would ask him again, asked appellant were there any witnesses he wished counsel to summons in his defense. Appellant said: "No one can testify to the fact where I was at this day, no more than just my girl friend, you know—my girl friend or brother or so." The transcript reads:

"BY MR. STERN (defense counsel) :
    Q Did you want me to put them on your behalf as defense witnesses?
    A Yes, I would like for you to.
    Q Okay. And your girlfriend is in the courtroom?
    A Yes, she is.
    Q Well, of course, she was not excluded.
THE COURT: I don't see how you are going to put her on, Mr. Stern, when you asked for exclusion of witnesses, and now you want to put her on?
MR. STERN: Well, the reason being your Honor, I had asked the defendant, earlier, if there were any other witnesses that he had, and he said no. I just wanted to go over that.
THE COURT: He said that at the beginning of the trial, didn't he?

MR. STERN: Yes.

THE COURT: Very well. I don't see how you can put her on at this time.

MR. STERN: Okay. All right. You may step down.

THE COURT: Besides which I don't see what value her testimony would be, anyway, to establish an alibi for a date like this, at this point."

Appellant claims error. We do not agree.

We stated in *Hurley v. State,* 6 Md. App. 348, 351-352 that the essential purpose of the Rule is to prevent one prospective witness from being taught by hearing another's testimony; its application avoids an artificial harmony of testimony that prevents the trier of fact from truly weighing all the testimony; it may also avoid the outright manufacture of testimony. We said that it is within the sound discretion of the trial judge to determine whether to admit the testimony of a witness where there has been a violation of the exclusion order. The witness whose testimony appellant desired was not summoned by appellant, and in fact, it affirmatively appeared that he did not contemplate calling her. It was only after all the testimony was in that it appeared that he would "like" to have her testify. If she could have given evidence tending to establish that he was not at the scene of the crime during its commission, although no proffer of her expected testimony was made, this would certainly have been known to him before trial. We note that he was positively identified by the victim and an eyewitness in court and that these identifications were made while he was seated among spectators in the courtroom as he requested. To permit the desired witness to testify in the circumstances would tend to bring about precisely what the Rule seeks to prevent for it appeared that she was in the courtroom while all the testimony was given. We construe the court's remarks as to the value of her testimony as expressing in substance the rationale of the

Rule. Under such circumstances as were here existent, we do not believe it was an abuse of judicial discretion for the court not to allow the circumvention of a rule which appellant himself invoked. Appellant relies on *Parker v. State*, 67 Md. 329. But in *Parker* a material and competent witness for the defendant, in disobedience of the court's order that witnesses not be present during the trial,[1] remained in the courtroom. The rationale of *Parker* was that it was "not reasonable to take away from a prisoner on trial the benefit of testimony on which his life may depend, because of the misconduct of another person." Noting that a person has the right to prove the truth relating to the accusation against him by the evidence of all the witnesses competent to testify who have any knowledge of it, the Court said, "[I]t would be very strange if he should forfeit this most precious privilege by the misbehavior of a witness." 67 Md. at 331-332. In the instant case the desired witness did not disobey the court's order; she was not summoned as a witness; it was not shown she expected to be called; defense counsel did not expect to call her. That she remained in the courtroom was the fault of no one but appellant. We do not find *Parker* apposite.

We hold there was no error in the refusal of the court to permit the desired witness to testify. We note there was no effort to obtain, nor request made by appellant for opportunity to obtain, any other witness—a "brother or so" to whom appellant referred.

Appellant also presents a question going to the sufficiency of the evidence. The thrust of his argument is that the evidence did not establish that Theresa Moriarity had any "legal interest or special property" in the money alleged to have been stolen by the robbery of her.

It is perfectly clear from the testimony of Mrs. Moriarity that she was an employee of Sterling Federal Savings and Loan Association. She was performing her du-

---

1. Unlike the mandate of the present Rule, whether to exclude witnesses on request was at that time discretionary with the court.

ties as an employee when appellant and another man with a gun entered the Association's premises and announced that it was a hold up. At the direction of the robbers she took some $2400 from the cash box in the Association's safe and gave it to them. She was "permitted to go into the safe to take money out as part of [her] regular duties."

It is established that ownership of property stolen in a robbery need not be alleged in the indictment and need not be proved. It is sufficient if the evidence establishes that the victim had a legal interest or special property in the goods. In other words, a charge of robbery may be sustained by proof that the property was forcibly taken from the care, custody, control, management or possession of one having a right superior to that of the robber. *Hartley v. State,* 4 Md. App. 450, 465. See *Kyle v. State,* 6 Md. App. 159, 162; *Tyler v. State,* 5 Md. App. 158, 162; *Frazier v. State,* 5 Md. App. 88, 94; *McMillan v. State,* 3 Md. App. 699, 701; *Harrison v. State,* 3 Md. App. 148, 151-153.

The evidence before the court was sufficient to establish that Mrs. Moriarity had control of the money taken and that she had a right to it superior to that of appellant. She was an employee of the Association, she had lawful access to the safe and she was forced to take the money from the safe and give it to appellant. No more proof was required. It is not material that the Secretary of the Association and another employee were present during the robbery, and that they also may have had a special interest in the money. The court's judgment on the evidence was not clearly erroneous. Md. Rule 1086.

*Judgment affirmed.*