## JAMES DAVID STATEN, JR. *v.* STATE OF MARYLAND

[No. 211, September Term, 1971.]

*Decided November 18, 1971.*

The cause was argued before MORTON, ORTH and POWERS, JJ.

*Gerald A. Kroop* for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *James B. Dudley, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Judgments entered in the Criminal Court of Baltimore against James David Staten, Jr. upon convictions under four indictments jointly tried are reversed because he was denied a jury trial.

Amendment VI to the Constitution of the United States guarantees "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *." The history of the development of trial by jury in criminal cases reveals "a long tradition attaching great importance to the

concept of relying on a body of one's peers to determine guilt or innocence as a safeguard against arbitrary law enforcement." *Williams v. Florida,* 399 U. S. 78, 87. The purpose of the jury trial is to prevent oppression by the government. "Given the purpose, the essential feature of a jury obviously lies in the interposition between the accused and his accuser of the commonsense judgment of a group of laymen, and in the community participation and shared responsibility that results from that group's determination of guilt or innocence." Id., at 100.

In *Duncan v. Louisiana,* 391 U. S. 145 the Supreme Court held that the Sixth Amendment, as applied to the States through the Fourteenth Amendment, requires that defendants accused of "serious crimes" be afforded the right to trial by jury and reaffirmed the long established view that "petty offenses" may be tried without a jury. At 159. In other words, the Sixth Amendment guarantees a right to trial by jury in all criminal cases that—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee. *Williams v. Florida, supra,* at 86; *Williams v. State,* 5 Md. App. 450, note 1 at 452. The line between "petty" and "serious" offense was determined in *Baldwin v. New York,* 399 U. S. 66. "More specifically, we have concluded that no offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." At 69.

Staten's trial clearly falls within the scope of the *Duncan* holding as circumstantiated by *Baldwin.* The basic offenses of which he was charged were robbery with a deadly weapon and assault with intent to murder.[1] He,

---

1. Staten was convicted of the following crimes and the sentences imposed were as designated:

Indictment 4338, 1st count: robbing Benjamin Yoffe with a deadly weapon; 20 years (maximum penalty authorized—20 years, Code, Art. 27, § 488).

Indictment 4339, 1st count: assaulting Benjamin Yoffe with intent to murder; 15 years consecutive to the sentence under indictment 4338 (maximum penalty authorized — 15 years, Code, Art. 27, § 12).

Indictment 4340, 5th count: carrying a deadly weapon openly with intent to injure Sherwin Yoffe; sentence suspended

of course, had the constitutional right to have his guilt or innocence of these offenses determined by a jury. However, even a constitutional right may be waived, *Moore v. State,* 7 Md. App. 330, 334, and on 13 January 1971 when the indictments came on for trial in the Criminal Court of Baltimore before Dorf, J. Staten upon arraignment effectively waived his right to a jury trial. See Maryland Rule 741. The lower court in a subsequent proceeding so held, Staten so concedes, and on our independent appraisal of the record we find as a constitutional fact that he intentionally relinquished the right, known to him, competently and intelligently. *Johnson v. Zerbst,* 304 U. S. 458. But then, before the trial commenced, Judge Dorf announced that there had been brought to his attention that the cases before him were "companion cases" of a case he had tried earlier that day involving another defendant, Michael G. Tunstall, that the witnesses were the same and the testimony would be similar, that he had found Tunstall guilty of assault with intent to murder and robbery with a deadly weapon, and that sentence had not yet been imposed. He asked if Staten objected to "this court trying your cases * * * knowing that it has heard testimony in the companion case of Mr. Tunstall and had, in fact, disposed of [them], finding him guilty of the two indictments." The Judge added, "Because if you object, I'll disqualify myself, * * * and I'll assign it to be tried by a different judge. That's your right." Staten expressed his objection and the court asked the State to reset the case before another judge. The witnesses were excused.

The indictments did not come on for trial until 11 February. At that time, before Harris, J., the State again called for arraignment. Staten pleaded not guilty and prayed a jury trial. The State objected. It urged:

"The case was specially set for trial today in

---

generally (maximum penalty authorized — 3 years, Code, Art. 27, § 36).
Indictment 4341, 1st count: assaulting Sherwin Yoffe with intent to murder; 15 years concurrent with the sentence under indictment 4339.

this Court, because a Court trial was prayed, and the case could be begun and concluded today. The number of witnesses for both sides were well-known in advance. However, now we find that since the time the case was set in, we find that tomorrow is a legal holiday as well as Monday, and the State's position is that, the State feels it's inherently unfair for either the State or the defense to have to give some testimony to a jury on a Thursday, and then to conclude and merely give them argument on a following Tuesday; that I don't think is fair to either side nor to the jury, actually, where this kind of situation prevails."

But the real basis of its objection, as is made clear, was that under our holding in *Walter v. State,* 4 Md. App. 373, Staten could not withdraw his waiver of a jury trial and revoke his election of a court trial but was bound thereby. "[T]he State feels this is an important point, especially here in the City as to the administration of justice, and the necessary scheduling of cases in this Court and all the other seven [criminal] Courts." [2] The judge reserved his ruling, noting that he had a "luncheon-bench meeting" and observing: "We obviously couldn't finish the case today anyway, so I would think that, as much as I hate to do it, that the only thing to do at this time is to postpone the trial, and put it in for the next available date * * *." He said he would decide at that time, after he studied the proceedings of 13 January "whether or not the court should exercise its judgment and hold the waiver to be good and binding on the defendant."

The indictments next came up for trial on 8 March. Staten was rearraigned, pleaded not guilty and prayed

---

2. While this may be so, we point out that the Supreme Bench of Baltimore City has adopted no rule attempting to regulate the matter of waiver of a jury trial and election of a bench trial as have the circuit courts in several of the counties. See, for example, Chapter 700, Criminal Causes, Local Rule 702 of the Circuit Court for Prince George's County.

a jury trial. The court sustained "the objection of the State to the election by the defendant of a jury trial at this time." It based its ruling on a finding that there had been an effective waiver of the right to a jury trial on 13 January and on the holding in *Walter v. State, supra,* which it construed to be "that where the defendant had elected a Court trial and in effect waived his constitutional right by jury, and then when the trial date arrived, he could not then change his election unless with the consent of the State."

As we stated above we agree that the waiver of a jury trial by Staten on 13 January was effective, but we do not see *Walter* quite as the lower court did. Its holding was that in the circumstances existent there was no abuse of judicial discretion in the refusal of the court to permit the defendants to withdraw their waiver of a jury trial. The holding was expressly limited to that case, 4 Md. App. at 378, and must be considered in relation to its facts and circumstances. We referred to Local Rule 702, ch. 700, Criminal Causes, of the Circuit Court for Prince George's County, the court in which the case was tried. It provided in section (a) under the heading "Election by Defendant" that a defendant must elect whether or not a jury trial is desired at the time of arraignment or within 15 days thereafter. If no election is made within that time "it shall be conclusively presumed that the accused waives his right to a jury trial and elects to have the case tried by the Court. Thereafter the case shall be assigned for trial in accordance with this election." Section (b) of the rule under the heading "Change in Election" provided: "However, having regard to the status of the case with respect to assignment for trial, the Court may, in its discretion and for good cause shown, permit the accused to change his election as to the manner in which the case will be tried." [3] The defendants in *Walter* had waived a jury

---

3. No question as to the constitutionality of the local rule was before us. We pointed out that State procedural requirements have been upheld by the Supreme Court, quoting *McMillan v. State,* 3 Md. App. 699, 702 in which we cited *Mapp v. Ohio,* 367 U. S. 643 and *Henry v. Mississippi,* 379 U. S. 443, 448.

trial a month before the date of trial and waited until the morning of the trial to request permission to withdraw their waiver. At least one witness had come a long distance for the trial and other witnesses were present. The trial court refused the request and trial proceeded. The holding that this was not an abuse of discretion in those circumstances may not be construed to mean that the election of a court trial, once made, may not be changed without the consent of the State. That this is so is apparent from our holding in *Cole v. State*, 12 Md. App. 379. There, where the case was tried in Anne Arundel County, we found that the request for withdrawal of the waiver of a jury trial should have been granted although the Fifth Judicial Circuit had a rule identical to that of the Circuit Court for Prince George's County. We said, at 383:

> "In the instant case the election occurred the day before the trial. Although the witnesses were present in court on both days, it appears none of them traveled any distance. Likewise, there is nothing to indicate a jury could not have been empaneled immediately. More importantly, until the day before the trial appellant's counsel had obviously concluded the case would be disposed of with a guilty plea. The election was made under the stress of the moment. There is nothing in the record to indicate the appellant was seeking to delay the trial. The withdrawal of the election should have been permitted under all these circumstances."

We reversed the judgment and found support for our holding in the authorities summarized in 47 Am. Jur. 2d *Jury*, § 70, which also support our holding in *Walter:*

> "Whether a motion for the withdrawal of a waiver of trial by jury made prior to the actual commencement of the trial of the case is timely depends primarily upon the facts and circum-

stances of the individual case. Where there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely. In some cases, however, it has been held that a motion for withdrawal of a waiver of jury trial, although made prior to the trial, was not timely and was properly denied by the trial court, the decisions in these cases being based primarily upon the ground that granting the motion would have resulted in an unreasonable delay of the trial."

It is patent in the instant case the lower court did not feel that the withdrawal of the waiver would unduly delay the trial for it in fact postponed the trial, which was then not had for almost a month. Nor was there any reasonable indication that justice would be impeded by the withdrawal of the waiver. We can see no valid reason why Staten could not have been afforded a jury trial on 8 March without even inconvenience to the State in any event, for at that time it had been known since 11 February that he desired one. We hold that in the circumstances the lower court abused its discretion in refusing to permit Staten to withdraw his waiver of a jury trial and be tried by a jury. Therefore he was denied the enjoyment of his constitutional right to a trial by a jury and is entitled to a new trial.

*Judgments reversed; case remanded for a new trial.*[4]

---

4. Counsel on appeal was privately employed and is not to be paid by the State. But by order of the lower court of 15 April 1971 upon petition and oath in *forma pauperis*, "all court costs, including but not limited to all clerk's fees, the cost of preparing the transcript of testimony, the cost of preparing and transmitting the record, and the cost of the briefs necessary in connection with' the Appeal, shall be paid by the State of Maryland."